IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHANNON CLARK                                                                                PLAINTIFF

VS.                                         CIVIL NO. 05-5059

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION              DEFENDANT

**MEMORANDUM OPINION**

Shannon Clark ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her applications for disability insurance benefits ("DIB"), and supplemental security income benefits ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on June 11, 2003, alleging an onset date for purposes of DIB, of February 28, 2003, due to Type II diabetes mellitus ("DM"), hypertension ("HTN"), deep vein thrombosis ("DVT"), and anxiety disorder.[1] (Tr. 49-52, 266-268). An administrative hearing was held on August 11, 2004. (Tr. 291-339). Plaintiff was present and represented by counsel.

On September 21, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding that, although severe, plaintiff's impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 25). At this time, plaintiff was

---

[1]SSI may not be granted prior to a claimant's application filing date, because benefits through an SSI application are allowed only after all regulatory criteria are established, namely after the SSI application is filed. *See* 20 C.F.R. § 416.335; *Jernigan v. Sullivan*, 948 F.2d 1070, 1072 n. 3 (8th Cir. 1991).

thirty-three years old and possessed a high school education. (Tr. 19). The record reflects that she had past relevant work experience ("PRW"), as a grocery checker, assembler of electronics, and cashier. (Tr. 19).

After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ("RFC"), to perform the exertional and non-exertional requirements of sedentary work. (Tr. 25). However, he noted that plaintiff would require a sit/stand option , and a job that would allow her to elevate her leg, to hip level, during the workday. The ALJ then concluded that plaintiff could return to her PRW as an assembler of electronics. (Tr. 25).

On February 19, 2005, the Appeals Council declined to review this decision. (Tr. 5-9). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 7, 8).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is

possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

3

**Discussion:**

In the present case, plaintiff presented additional medical evidence to the Appeals Council, which was considered prior to their denial of the request for review of the hearing decision. (Tr. 5-10). When the Appeals Council has considered new and material evidence and has, nonetheless, declined review, the ALJ's decision becomes the final action of the Commissioner. At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had they been available at the initial hearing. *Flynn v. Chater*, 107 F.3d 617, 622 (8th Cir. 1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.*; *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995).

As stated, plaintiff submitted several additional medical records that were reviewed by the Appeals Council. (Tr. 273-290). Among these records was a letter from plaintiff's treating physician, Dr. Burton Bledsoe. (Tr. 274). In this letter, Dr. Bledsoe sought to clarify a previous statement he had made, on January 7, 2004, indicating that plaintiff needed to keep her "legs elevated when sitting and should wear an extremity stocking to assist with her edema." (Tr. 257). He did not,

4

however, state how high plaintiff's legs should be elevated. Therefore, he prepared this undated follow-up letter, stating that plaintiff should frequently elevate her legs, especially her right leg, above hip level, due to DVT. (Tr. 274).

We note that the ALJ's hypothetical question to the vocational expert ("VE"), stated that plaintiff would need a job that allowed her to elevate her legs below hip level. (Tr. 330-331). Then, in his opinion, the ALJ stated that plaintiff would need to elevate her legs to hip level. (Tr. 25). Given the fact that the ALJ's RFC assessment assumed that plaintiff was only required to lift her leg to hip level or below, we believe that remand is necessary to allow the ALJ to evaluate this new evidence clarifying Dr. Bledsoe's assessment. (Tr. 330-331).

It is significant to note that the VE testified that plaintiff would not be able to return to her PRW, or any other job in the national economy, if she were required to elevate her leg above heart level. (Tr. 333-334). In addition, after reading Dr. Bledsoe's January 7, 2004 letter, indicating that plaintiff should lift no more than ten pounds occasionally; should not stoop, bend, perform exertional activities, or be in stressful situations; should walk only short distances; and, would require frequent breaks throughout the day, the VE testified that there are no jobs that exist in the national economy that such a hypothetical person could perform. (Tr. 257, 335). *See Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003) (holding that a treating physician's opinion is generally entitled to substantial weight). Therefore, on remand, the ALJ is directed to reevaluate Dr. Bledsoe's assessment, taking into consideration the clarification letter prepared in January 2005.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and

5

therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this <u>17th</u> day of March 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)